# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv61

| | |
|---|---|
| JOHN H. JONES, )<br>)<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>    Defendant. )<br>)| ORDER |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fee pursuant to 42 U.S.C. §406(b) [Doc. 19].

## PROCEDURAL HISTORY

On February 11, 2009, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny his application for Social Security Disability Insurance Benefits and Supplemental Security Income. [Doc. 1]. On September 14, 2010, this Court reversed the Commissioner's decision denying the Plaintiff's application for disability benefits and remanded the case to the Appeals Council with instructions to calculate and award benefits to the Plaintiff. [Doc. 15]. On November 5, 2010, this Court extended

the time within which Plaintiff's counsel could seek an award of attorney's fees to a period thirty days after the final Notice of Award. [Doc. 18]. The Notice of Award was issued to the Plaintiff on April 10, 2011. [Doc. 20-2]. This motion, filed on April 27, 2011, is therefore timely.

The Plaintiff received an award of past due benefits in the amount of $190,539.00. [Id. at 3]. The Notice of Award contained a notification that the Social Security Administration was withholding 25 percent of that award, or the sum of $47,634.75, from the past due benefits to be applied to any award of attorney's fees. [Id.]. The Plaintiff and his attorney had a contingency fee agreement pursuant to which any such award could not exceed 25 percent of the past due benefits. [Doc. 20-1].

The Plaintiff's attorney has not moved for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d). Instead, he moves for fees in the amount of $37,634.75 representing compensation for work performed in this Court. [Doc. 20 at 2]. Counsel notes that he has petitioned the Commissioner for an award of fees in the amount of $10,000.00 for services rendered at the agency level.[1] [Id. at n.1]. The

---

[1] Federal courts do not have jurisdiction to make fee awards for professional representation at the administrative level because the Commission alone has that authority. Mudd v. Barnhart, 418 F.3d 424, 427 (4th Cir. 2005) (citations omitted).

2

Defendant responded, objecting to an award in the amount of $37,634.75 because Plaintiff's counsel had failed to place evidence in the record of the hours of legal services expended on the case. [Doc. 21]. The Plaintiff subsequently supplemented his motion with a statement of hours expended in federal court as well as those spent before the agency. [Doc. 22-1]. The Defendant did not further reply or object.

## STANDARD OF REVIEW

The statute provides that "the court may determine and allow as part of its judgment a reasonable fee" for representation of the claimant before the court. 42 U.S.C. §406(b)(1)(A). The fee may not exceed 25 percent of the total past due benefits awarded to a claimant and is payable out of that award. Id.

In Gisbrecht v. Barnhart, 535 U.S. 789, 795-56, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), the Supreme Court announced "the legal framework to be used for awarding attorney's fees under §406(b) for the successful in-court representation of a Social Security benefits claimant who has signed a contingent-fee agreement." Mudd, 418 F.3d at 427.

> The [Supreme] Court ... embraced the primacy of lawful attorney-client fee agreements, concluding that §406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement

3

> does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, ... §406(b) simply instructs a court to review the agreement for reasonableness.
>
> ...
>
> [T]he Gisbrecht Court noted that a reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results ... achieved, (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case.

Mudd, 418 F.3d at 428 (internal quotation and citation omitted). While this Court may not award fees based on services rendered before the agency, it may consider the time and effort spent before the agency in determining whether the requested award is reasonable. Id.

## DISCUSSION

The Plaintiff has submitted a Sworn Statement in which he declares that he would not have received any benefits without the services of his attorney provided pursuant to their fee agreement over an approximately five year period. [Doc. 20-3]. He also states that he believes the fee as negotiated and agreed to in their contract is fair. [Id.]. The Supreme Court in Gisbrecht stated that §406(b) "calls for court review of [contingency fee] agreements as an independent check, to assure that they yield reasonable results in particular cases," not as a means of displacing contractual arrangements between

4

attorneys and clients. Gisbrecht, 535 U.S. at 807-8; Bowser v. Astrue, 2011 WL 673767 (D.Md. 2011) (claimant expressed his satisfaction with work and amount to be awarded); Joslyn v. Barnhart, 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005) (deference should be given to "the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment.") (internal quotation and citation omitted).

Counsel expended 35.5 hours representing the Plaintiff before this Court. [Doc. 22-1 at 1]. His representation here occurred over approximately two years. [Id.]. Prior to bringing this action, however, counsel expended 45.6 hours representing the Plaintiff in the agency proceedings over a three year period. [Doc. 22-2]. Counsel has not sought any fees for the services of a paralegal. [Doc. 22-1]. The Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought. Craig v. Secretary, 864 F.2d 324, 326 (4th Cir. 1989), abrogated on other grounds by Gisbrecht, 535 U.S. 789 (length of relationship, amount involved and results obtained may be considered). There was certainly no delay by counsel in this Court and his efforts in a difficult case led to a favorable result for his client. Id.

The only objection raised by the Defendant was that without knowing the amount of time spent on the case by Plaintiff's counsel, he was unable to ascertain whether the amount sought would be a windfall. [Doc. 21]. Plaintiff's counsel remedied that objection by filing a supplemental pleading in which he disclosed the hours spent both here and at the agency level. [Doc. 22; Doc. 22-1; Doc. 22-2]. The Defendant did not respond to that pleading or make any objection concerning the reasonableness of the amount of time expended. The Defendant also did not object to counsel's expertise and specialized skill in the area of social security disability cases, both of which are bourne out by the past due award of almost $200,000.00. Worley v. Astrue, 2012 WL 75032 (D.S.C. 2012) (considering the result obtained, time spent and expertise of counsel, the fee award does not amount to a windfall).

Plaintiff's counsel has advised that his normal, customary hourly rate for non-contingent matters is $300.00 per hour. [Doc. 20 at 4 n.2]. It is recognized that attorneys seeking an award of fees in contingency cases are entitled to a fee which considers the contingent nature thereof; in other words, the possibility of receiving no fees at all. Gisbrecht, 535 U.S. at 805; Wilson v. Astrue, 622 F.Supp.2d 132, 137 (D.Del. 2008). Indeed, the Defendant has acknowledged that in other social security cases, attorneys have been

awarded up to three times their customary hourly rate for non-contingent matters. [Doc. 21 at 4-5]. While this approach is not embraced in view of the Supreme Court's rejection of the lodestar approach in Gisbrecht, it is noted that using such a multiplier would result in a fee award very close to that sought.[2] Granting the award in this case, therefore, will not result in a windfall. Bowser, 2011 WL 673767 (past due benefits award of $92,000.00; 23 hours of work in court; fee award of $23,000.00 approved); Abernathy v. Astrue, 2011 WL 488657 (E.D.N.C. 2011) (past due benefits award of $63,000.00; 17 hours work in court; fee award of $15,765.00 approved); Aurand v. Astrue, 2011 WL 116854 (D.S.C. 2011) (past due benefits award of $49,016.00; 27.45 hours work in court; fee award of $12,254); Taylor v. Astrue, 2010 WL 5026948 (D.S.C. 2010) (past due benefits award of $90,678.00; 22.2 hours work in court; fee award of $22,669.50 approved); Joslyn, 389 F.Supp.2d 454 (past due benefits award of $174,000.00; 42.75 hours work in court; fee award of $38,116.00 approved).

In conclusion, the fee award sought by the Plaintiff on behalf of his counsel is reasonable and the motion will be granted.

---

[2]$300.00 x 3 = $900.00 per hour x 35.5 hours = $31,950.00.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fee pursuant to 42 U.S.C. §406(b) [Doc. 19] is hereby **GRANTED** and an award of attorney's fees in the amount of Thirty-Seven Thousand Six Hundred Thirty-Four Dollars and Seventy-Five Cents ($37,634.75) pursuant to 42 U.S.C. §406(b)(1)(A) is hereby approved.

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose pursuant to Title II of the Social Security Act.

Signed: June 29, 2012

Martin Reidinger
United States District Judge